%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Richard Dean Smith

## DEFENDANTS
Sterling Infosystems, Inc.

**(b)** County of Residence of First Listed Plaintiff: Mecklenburg
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Out of State
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Leigh Altman, Esq. (704) 763-2856
6201 Fairview Road, Suite 200
Charlotte, NC 28210

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 09/08/2011
SIGNATURE OF ATTORNEY OF RECORD
/s/ Leigh B. Altman

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| RICHARD DEAN SMITH ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STERLING INFOSYSTEMS, INC. ) <br> ) <br> Defendant. ) <br> ) | COMPLAINT <br><br> Civil Action No. |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §1681 *et seq.*, *as amended,* and various other state laws.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. Plaintiff Richard Dean Smith is an adult individual, who resides at 16115 Raptor Court, Charlotte, NC 28278.

5. Defendant Sterling Infosystems, Inc. (hereafter "Sterling") is a business entity that regularly conducts business in Western District of North Carolina, which has a principal place of business located at 249 West 17th Street, Floor 6, New York, NY 10011.

## IV. FACTUAL ALLEGATIONS

6. Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal record to third parties (hereafter the "inaccurate information").

7. The inaccurate information includes, but is not limited to, 1993 felony charges of 1) possession of a controlled substance with intent to sell, 2) transporting a controlled substance; and 3) possession of a controlled substance.

8. The inaccurate information negatively reflects upon the Plaintiff and paints him as a serial criminal. The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information.

9. The derogatory inaccuracies appear to be caused by the Defendant's mixing of Plaintiff Richard Dean Smith's consumer report with that of other consumers with similar names. Any rudimentary inspection of the data would reveal the inaccuracy. Defendant obviously failed to employ such a procedure.

10. Defendant has been reporting the inaccurate information through the issuance of consumer reports which Defendant has disseminated to various persons and potential employers, both known and unknown.

11. Plaintiff has applied for and has been denied employment as a maintenance supervisor at a prestigious property near his home in Charlotte and Plaintiff has been informed that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer reports and that the inaccurate information was a substantial factor for the denial.

12. Plaintiff's consumer reports and file have been obtained from Defendant and have been reviewed by at least one prospective employer, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving offers and opportunities for employment.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses relating to lost wages, loss of occupational opportunities and other expenses, all of which will continue into the future to Plaintiff's great detriment and loss.

14. As a result of Defendant's conduct, Plaintiff has suffered great emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

15. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to Plaintiff's reputation and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V. COUNT ONE- VIOLATIONS OF THE FCRA
(Plaintiff v. Sterling)

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

3

19. At all times pertinent hereto, Defendant Sterling was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

21. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

22. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

23. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Sterling is liable to the Plaintiff for engaging in the following conduct:

> (a) willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);
>
> (b) willfully and negligently continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

24. The conduct of Defendant Sterling was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant Sterling is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### VI. COUNT TWO – DEFAMATION
(Plaintiff v. Sterling)

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant Sterling has published statements both orally and through writing to various individuals, prospective employers, other consumer reporting agencies, and other entities that the above-referenced derogatory inaccurate information belongs to the Plaintiff.

27. Defendant Sterling has published these statements each time a consumer report on the Plaintiff has been requested from any employer, prospective employer or other source.

28. The statements made by Defendant Sterling are false in that they inaccurately reflect Plaintiff's identifying information and criminal record and paint Plaintiff as violent and dangerous.

29. Defendant Sterling has published these statements to at least every individual, employer or prospective employer or other entity that has requested Plaintiff's consumer report.

30. The written statements and publications constitute libel per se.

31. Defendant Sterling's conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Sterling is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

### VII. COUNT THREE - NEGLIGENCE
(Plaintiff v. Sterling)

32. Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

33. Defendant Sterling's negligence consists of the following:

    (a) violating the FCRA as set forth above;

(b) failing to provide prompt notice of the inaccurate information to individuals who purchased and/or accessed Plaintiff's reports with said inaccuracies;

(c) failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's consumer report, information and file;

(d) failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(e) continuing to report the inaccurate information despite having knowledge of its inaccuracy and/or inability to be verified.

34. As a result of Defendant Sterling's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

35. The conduct of Defendant Sterling was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant Sterling is liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## VIII. JURY TRIAL DEMAND

36. Plaintiff demands trial by jury on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

6

Case 3:11-cv-00438   Document 1   Filed 09/08/11   Page 7 of 8

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o;

(e) An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's consumer reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer information;

(f) An order directing that Defendant Sterling send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected consumer report information; and

(g) Such other and further relief as may be necessary, just and proper.

This 8th day of September, 2011.

Respectfully submitted,

*Leigh B. Altman*

Leigh Braslow Altman
N.C. Bar Number 40831
Law Office of Leigh B. Altman
6201 Fairview Road
Suite 200
Charlotte, North Carolina 28210
Telephone: (704) 763-2856
Facsimile: (704) 816-1859
lbaltman@lbaltmanlaw.com
**Attorney for Plaintiff**